PROB 12C
(REVISED 5/2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 32]

Name of Offender: <u>Benjamin Wesley Wayne</u>  Case Number: <u>1:11-00001</u>

Name of Judicial Officer: <u>The Honorable William J. Haynes, Jr., Chief U. S. District Judge</u>

Date of Original Sentence: <u>August 29, 2011</u>

Original Offense: <u>Cts.1 and 4 - 21 U.S.C.§ 843(a)(6) and (d)(2) Possession of Methamphetamine Chemicals; Cts. 2 and 6 - 21 U.S.C.§ 856(a)(1) Maintaining a Dwelling for Methamphetamine Manufacturing; Cts. 3 and 5 - 21 U.S.C.§ 846 Attempt to Manufacture Methamphetamine</u>

Original Sentence: <u>33 months' custody followed by 3 years' supervised release, each count concurrent</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>November 22, 2013</u>

Assistant U.S. Attorney: <u>Blanche B. Cook</u>   Defense Attorney: <u>Michael C. Holley</u>

---

**PETITIONING THE COURT**

    ____ To issue a Summons.
    _X_ To issue a Warrant.
    _X_ To Consider Additional Violations/Information

---

**THE COURT ORDERS:**
☐ No Action
☒ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Violations/Information
☐ Other

Considered this _28th_ day of _March_, 2014, and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U. S. Probation Officer

Place     Nashville, Tennessee

Date     March 18, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 32, has been amended as follows:

    Violation No. 1 - has been amended to include additional information
    Violation No. 3 - has been added
    Violation No. 4 - has been added

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall refrain from any unlawful use of a controlled substance.** |

Mr. Wayne has tested positive for methamphetamine on two occasions, January 9, and February 5, 2014.

Mr. Wayne failed to report for drug testing on February 4, and February 18, 2014.

He has admitted to using methamphetamine while on supervised release due to family and financial stressors.

**Mr. Wayne reported for drug testing on March 5, 2014, and gave a fraudulent urine sample. During the submission of the urine sample for drug testing, it was determined by probation office staff that Mr. Wayne was using a bottle tied to his waist with clear fishing wire in order to provide a urine sample that was negative for illegal drugs. A picture of the bottle is attached for Your Honor's review. He admitted to obtaining the urine sample from a friend as a result of fear of testing positive again. He admitted using a "bump" of methamphetamine a few days prior to the drug test. A valid urine sample was provided that tested positive for methamphetamine.**

**Mr. Wayne failed to report for drug testing on March 3 and March 17, 2014.**

2.     **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

Mr. Wayne has failed to submit any monthly reports while on supervised release.

3.     **The defendant shall not commit another federal, state or local crime.**

**According to Tennessee State Law § 39-17-437, Mr. Wayne violated a Class A misdemeanor by the fraudulent submission of urine for drug testing. It is an offense for a person to intentionally use, or possess with the intent to use, any substance or device designed to falsify the results of a drug test of that person. As used in this section, "drug test" means a lawfully administered test designed to detect the presence of a controlled substance.**

4.     **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

**On March 5, 2014, following the fraudulent urine submission, probation office staff**

instructed Mr. Wayne to contact the probation officer regarding the incident. He failed to contact the probation officer. On March 6, 2014, the probation officer attempted to visit the offender at his home. Mr. Wayne's father advised that he was away from the home. Mr. Wayne's father was instructed to inform the defendant to contact the probation officer as the defendant's phone is not working. Mr. Wayne has failed to contact the probation officer as instructed.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Wayne began supervised release on November 23, 2013. He is scheduled to terminate supervised release on November 21, 2016.

Mr. Wayne is currently on state probation as well. On January 29, 2014, the state probation officer advised the U.S. Probation Officer that Mr. Wayne tested positive for methamphetamine the previous week with their office. The state probation office is requiring him to attend inpatient substance abuse treatment as a result of the positive drug test. On February 18, 2014, Mr. Wayne informed the U.S. probation officer that he had used methamphetamine a few times while on supervised release as he has been stressed with finances and family issues. He reported that his drug use has become problematic again. On February 26, 2014, the state probation officer advised that Mr. Wayne completed an initial assessment for inpatient substance abuse treatment but failed to follow up with the treatment provider. Mr. Wayne was instructed to submit a monthly report within the first five days of each month and has failed to submit any reports to date.

**On March 5, 2014, the Court ordered a Summons for Mr. Wayne. He was ordered by appear by March 18, 2014, at 10:00 a.m. He failed to report for the Summons as required.**

## Update of Offender Characteristics:

Mr. Wayne was employed in the construction field while residing at the halfway house. He left the employment in January 2014, after he reported using methamphetamine with co-workers. He has reportedly been employed in his brother's automotive shop in Loretto, Tennessee, since that time. He resides with his father in Loretto, Tennessee.

## U.S. Probation Officer Recommendation:

**It is respectfully requested that a warrant be issued for Mr. Wayne, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to the U.S. Attorney's Office and they concur with the recommendation.**

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. BENJAMIN WESLEY WAYNE, CASE NO. 3:11-00001

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 3, 2003      VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant tests positive for illegal controlled substances more than 3 times over the course of 1 year. The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule section 3583 (g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583 (d).

**Guideline Policy Statements:** Upon finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted

Joshua Smith
U. S. Probation Officer

Approved: Vidette Putman
Supervisory U. S. Probation Officer



LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Wesley Benjamin Wayne

2. **Docket Number** *(Year-Sequence-Defendant No.)*   0650 1:11CR00001 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** __8__ / __29__ / __2011__
                                          month   day   year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| positive drug tests/failure to report for drug testing | C |
| failure to submit monthly reports | C |
| new criminal conduct | C |
| failure to follow instructions of the probation officer | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*   **C**

9. **Criminal History Category** *(see §7B1.4(a))*   **VI**

10. **Range of Imprisonment** *(see §7B1.4(a))*   **8-14** months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Wesley Benjamin Wayne

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____         Community Confinement _____

    Fine($)        _____         Home Detention          _____

    Other          Special Assessment-$600  Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 1 _____ to 3 _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**
    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days